193 F.3d 892 (7th Cir. 1999)
 KING SANG CHOW, JASMINE CHOW, and ANTHONY CHOW, Petitioners-Appellees,
v.
JANET RENO, Attorney General of the United States, DORIS MEISSNER, Commissioner of the Immigration and Naturalization Service, BRIAN PERRYMAN, as District Director of the Chicago Immigration and Naturalization Service District Office, JOHN B. CAPLINGER, as District Director of the New Orleans Immigration and Naturalization Service District Office, IMMIGRATION AND NATURALIZATION SERVICE, and the Board of Immigration Appeals, Respondents-Appellants.
 No. 98-3285
 United States Court of Appeals, Seventh Circuit
 Argued May 19, 1999
Decided September 20, 1999
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 97-C-7931--James F. Holderman, Judge.
 Before HARLINGTON WOOD, JR., FLAUM and MANION, Circuit Judges.
 HARLINGTON WOOD, JR., Circuit Judge.
 
 
 1
 Appellant King Sang Chow is a native of Hong Kong and a citizen of the United Kingdom who entered the United States in 1971 as a lawful permanent resident alien. In 1992, an Immigration Judge ("IJ") found Chow deportable based on convictions for controlled substance and firearms violations and denied Chow's petition for relief pursuant to sec. 212(c) of the Immigration and Naturalization Act ("INA"), 8 U.S.C. sec. 1182(c) (1994). The facts of the case are set forth in our previous opinion, Chow v. INS, 113 F.3d 659 (7th Cir. 1997) ("Chow I"), and we will not restate them here. In Chow I, we concluded that we lacked subject matter jurisdiction to review Chow's petition based on sec. 440(a) of the newly- enacted Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[1] but noted that "alternative avenues of judicial relief" existed. Chow I, 113 F.3d at 669. We declined to create an exception to the express language of sec. 440(a) for constitutional claims and stated that, for purposes of that case, we did not need to decide whether Chow could pursue his claims in a petition for a writ of habeas corpus in the district court pursuant to the general grant of habeas corpus jurisdiction, 28 U.S.C. sec. 2241, the All Writs Act, 28 U.S.C. sec. 1651, or the Suspension Clause, U.S. Const. art. I, sec. 9, cl.2. Id. at 669-70. Chow subsequently filed a petition for a writ of habeas corpus in federal district court, asserting that the district court had jurisdiction under all three of the habeas vehicles mentioned in Chow I. The district court found that it had jurisdiction under 28 U.S.C. sec. 2241 and granted Chow's petition, holding that AEDPA sec. 440(d) violated Chow's equal protection rights by allowing certain excludable criminal aliens to apply for a discretionary waiver of deportability while barring deportable aliens from doing so.[2] The INS appeals.
 
 
 2
 The district court did not have the benefit of LaGuerre v. Reno, 164 F.3d 1035 (7th Cir. 1998) (reh'g & reh'g en banc denied Apr. 9, 1999), which governs this case. In LaGuerre, we held that AEDPA sec. 440(a) generally eliminated habeas corpus jurisdiction for aliens covered by the section, id. at 1037-38, which would compel the conclusion that the district court in the present case lacked subject matter jurisdiction. However, LaGuerre does recognize a safety valve whereby deportees can seek direct review of substantial constitutional claims in the court of appeals. Id. at 1040. Furthermore, we noted in LaGuerre that in rare cases, "if for reasons beyond the alien's control he could not have raised his substantial constitutional issue in this court by seeking review here directly under section 440(a), he may be able to proceed in the district court under 28 U.S.C. sec. 2241." Id. As noted above, in Chow I, Chow attempted to raise his constitutional claims in this court, but we concluded that we did not have jurisdiction under AEDPA sec. 440(a) to hear them. In dismissing his petition, we asserted that alternate avenues of judicial relief existed and mentioned the possible availability of habeas corpus review in the district court. Chow I, 113 F.3d at 669-70. Given these circumstances and our recent decision in Turkhan v. Perryman, 188 F.3d 814 (7th Cir. Aug. 16, 1999), we find that the district court did have jurisdiction to consider Chow's habeas corpus petition. After our decision in Chow I, Chow's only option was to pursue his claims in the district court, and therefore, his case falls into the extremely rare class of cases in which 28 U.S.C. sec. 2241 jurisdiction exists in the district court. See Turkhan, 188 F.3d at 823-24; LaGuerre, 164 F.3d at 1040.
 
 
 3
 While we find the district court had jurisdiction to consider Chow's claims, we nevertheless must reverse. The district court granted Chow's petition for habeas corpus because it found that AEDPA sec. 440(d) violated equal protection. Assuming the district court correctly reached the merits of Chow's equal protection claim, we rejected an identical equal protection argument in LaGuerre. LaGuerre, 164 F.3d at 1041. Chow's constitutional claims lack merit, and, under AEDPA sec. 440(d), he is statutorily ineligible for a discretionary waiver of deportation under INA sec. 212(c).
 
 
 4
 The decision of the district court is REVERSED, and the case is REMANDED to the district court for further proceedings consistent with this opinion.
 
 
 
 Notes:
 
 
 [1]
 AEDPA sec. 440(a) amended INA sec. 106(a) to provide "[a]ny final order of deportation against an alien who is deportable by reason of having committed a [covered] criminal offense . . . shall not be subject to review by any court." Section 306 of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), Pub. L. No. 104-208, Div. C, 110 Stat. 3009, repealed the judicial review process set out in INA sec. 106(a) as amended by AEDPA sec. 440(a) and replaced it with a new section, INA sec. 242(a); however, under IIRIRA sec. 309, INA sec. 242(a) is not applicable to aliens who were involved in deportation proceedings as of April 1, 1997. Turkhan v. Perryman, 188 F.3d at 820 n.5 (7th Cir.1999). Since Chow was involved in deportation proceedings as of that date, his petition is subject to the judicial review provisions of INA sec. 106(a) as amended by AEDPA sec. 440(a). As we noted in Chow I, the record clearly supports the finding by the IJ and the Board of Immigration Appeals that Chow's firearm and controlled substance violations fall under AEDPA sec.sec. 241(a)(2)(B)(i) and 241(a)(2)(C) and, therefore, constitute covered criminal offenses under AEDPA sec. 440(a). Chow I, 113 F.3d at 663.
 
 
 [2]
 AEDPA sec. 440(d) amended INA sec. 212(c) by adding certain offenses, including the offenses for which Chow was convicted, to the list of deportable offenses which make criminal aliens ineligible for discretionary waivers of deportation. Section 212(c) has since been "repealed and replaced by a new, but basically similar, section, sec. 240A(b), 8 U.S.C. sec. 1229b(b)." LaGuerre v. Reno, 164 F.3d 1035, 1037 (7th Cir. 1998) (reh'g & reh'g en banc denied Apr. 9, 1999). This change has no substantive effect on Chow's eligibility for discretionary relief.